IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| PHILIP TINSLEY III, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 1:03CV00970 |
| | ) | |
| BB&T CORPORATION, | ) | |
| | ) | |
| Defendant | ) | |

MEMORANDUM ORDER

TILLEY, District Judge

This matter is now before the Court on Plaintiff Philip Tinsley III's Motion to Disqualify (Doc. # 4], Motion for Extension of Time [Doc. # 5], Motion to Correct Clerical Error [Doc. # 6], and Motion for Entry of Default Judgment [Doc. # 8]. For the reasons set forth below, each of these motions is DENIED, and the case is DISMISSED.

I.

Mr. Tinsley file a *pro se* Complaint on October 16, 2003 against BB&T Corporation ("BB&T"). Mr. Tinsley alleges racketeering in conjunction with a bank merger and seeks damages associated with BB&T's (and its predecessor in interest) alleged mishandling of a 28-day CD account. On December 1, 2004, more than one year after the Complaint was filed, notice was sent to Mr. Tinsley informing him that he had not effected service on BB&T within 120 days of the filing of the Complaint and that this matter would be dismissed pursuant to Rule

4(j) of the Federal Rules of Civil Procedure if he did not demonstrate good cause for why service had not been obtained. Mr. Tinsley claims that he did not receive the notice because he was incarcerated at the time the notice was sent. Because Mr. Tinsley never responded to this notice, the case was Dismissed Without Prejudice on March 4, 2005. Since the Dismissal order was filed, Mr. Tinsley has filed a number of motions. Each of these motions will be discussed in turn.

II.

Mr. Tinsley has filed a Motion to Disqualify pursuant to 28 U.S.C. § 144, which allows for reassignment of a matter from one judge to another upon the filing of a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. This statute further specifies that the affidavit "shall state the facts and the reasons for the belief that bias or prejudice exists." Id.

Mr. Tinsley has not filed an affidavit as required by 28 U.S.C. § 144. However, because Mr. Tinsley is appearing *pro se*, his Motion to Disqualify will be construed liberally and treated as if it were a properly filed affidavit. See Hudspeth v. Figgins, 584 F.2d 1345, 1347 (1978) (applying liberal pleading standards to *pro se* complaint). Even assuming that Mr. Tinsley's Motion to Disqualify would satisfy the affidavit required by 28 U.S.C. § 144, the Motion fails to satisfy the substantive requirements of the statute.

2

In particular, 28 U.S.C. § 144 requires specific assertions of facts demonstrating "personal bias or prejudice against him or in favor of any adverse party." 28 U.S.C. § 144. Even when construed liberally, Mr. Tinsley's motion contains no such assertions. Rather, in support of his Motion to Disqualify, Mr. Tinsley makes the following allegations: (1) this action was improperly assigned to Magistrate Judge Dixon in violation of 28 U.S.C. § 636(c); (2) Service of the Complaint was effected via United States certified, return receipt requested mail; (3) Mr. Tinsley cannot be held responsible for not being or residing at his residence for an 18 month period between October 2003 and March 2005 because he was kidnaped and illegally incarcerated by police officers in Virginia; and (4) the Seventh Amendment affords him a right to a jury trial in this matter.

None of these allegations, even when liberally construed, contain any assertion of personal bias or prejudice. As such, Mr. Tinsley has not satisfied the statutory requirements of 28 U.S.C. § 144 seeking reassignment of this matter to another judge. Mr. Tinsley's Motion to Disqualify is DENIED.

III.

Mr. Tinsley has also filed a Motion for Extension of Time pursuant to Rule 6(b) of the Federal Rules of Civil Procedure. Mr. Tinsley's Motion is simply entitled Motion for Extension of Time to File. From the text of the document, however, it appears that Mr. Tinsley is seeking additional time in which to file a Motion for Default Judgment as to BB&T. As noted above, Mr. Tinsley has also filed a Motion

3

for Default Judgment.

The entry of default and default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure. Pursuant to Rule 55(a), when a party has "failed to plead or otherwise defend," the Clerk shall enter default. Fed. R. Civ. P. 55(a). Default judgment is governed by Rule 55(b), which allows the Clerk to enter default in some situations and requires judicial consideration of the motion in other situations. Rule 55 does not contain a time limitation on filing a motion for default judgment. Thus, it is unnecessary for Mr. Tinsley to seek additional time within which to file such a motion, and the Motion for Extension of Time is DENIED as unnecessary.

In support of his Motion for Judgment by Entry of Default, Mr. Tinsley asserts that BB&T never responded to the initial Complaint and never responded to any of the subsequent pleadings that have been filed in this matter. Mr. Tinsley attaches payment receipts, shipment confirmation receipts, and copies of certified mail receipts to establish that he sent copies of the Motion to Disqualify and Motion for Extension for Time to File to the CEO of BB&T and other individuals including the Secretary General of the United Nations and the Attorney General of the United States. Mr. Tinsley has also filed an Affidavit of Service regarding service of the Motion to Disqualify and Motion for Extension of Time to File.

Mr. Tinsley has not, however, produced any documentation regarding service of the Summons and Complaint on BB&T. Mr. Tinsley merely asserts that

4

the CEO of BB&T was served with the Complaint via U.S. certified return receipt mail. In prior pleadings, Mr. Tinsley asserted that service was effected by sending the Complaint, Notice of Lawsuit, and Waiver of Service of Summons to the CEO of BB&T. [Doc. # 4]. Mr. Tinsley acknowledges that BB&T never returned the Waiver form to him nor submitted it to the Clerk's office.

Rule 4(d) of the Federal Rules of Civil Procedure establishes a process by which a defendant may waive service of a summons. Fed. R. Civ. P. 4(d). A waiver of service, however, is only an effective means of service if the defendant in fact executes the waiver. Mr. Tinsley appears to assert that BB&T's failure to execute the waiver constitutes service, as if to penalize a defendant who refuses to consent to service. Rule 4 clearly states, however, that the penalty for a defendant who does not execute a waiver is to pay the costs subsequently incurred by the plaintiff in effecting service. Fed. R. Civ. P. 4(d)(2). BB&T's failure to return the waiver of service does not constitute effective service.

Moreover, even if Mr. Tinsley had effected service on BB&T, he failed to follow the procedure for entry of a default judgment. As noted above, prior to the entry of a default judgment, a plaintiff must first file a motion for entry of default. Fed. R. Civ. P. 55(a). In this case, Mr. Tinsley failed to obtain an entry of default prior to filing a motion for default judgment. Accordingly, Mr. Tinsley's Motion for Entry of Judgment by Default is DENIED.

5

IV.

Finally, this matter was initially filed approximately three years ago. In the past three years, Mr. Tinsley has not effected service upon BB&T despite being informed that BB&T had not been served. Mr. Tinsley claims that he did not receive the notice informing him that service had not been effected because he was kidnaped by police on the day the Complaint was filed in October 2003 and was illegally incarcerated for a period of 18 months until March 2005. Since his release from that term of incarceration, however, Mr. Tinsley has been aware that the Court considered BB&T as not having been properly served, and Mr. Tinsley has made no effort to effect service. Pursuant to Rule 41(c) of the Federal Rules of Civil Procedure, Mr. Tinsley's Complaint is DISMISSED for failure to prosecute.

V.

In sum, Mr. Tinsley's Motion to Disqualify (Doc. # 4] is DENIED, the Motion for Extension of Time [Doc. # 5] is DENIED, and the Motion for Entry of Default Judgment [Doc. # 8] is DENIED. Pursuant to Rule 41(c), the Complaint in this matter is DISMISSED for failure to prosecute. As such, the remaining Motion to Correct Clerical Error [Doc. # 6] is DENIED as moot.

This the day of October 13, 2006

/s/ N. Carlton Tilley, Jr.
United States District Judge

6

Case 1:03-cv-00970-NCT-WWD   Document 9   Filed 10/13/06   Page 6 of 6